IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. _____

GAIL WATERS, as personal representative of the Estate of Alonzo Ashley,

                    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,

DENVER ZOOLOGICAL FOUNDATION, INC, a nonprofit corporation,

ANDRE DERRITT, an employee of the Denver Zoological Foundation, in his individual
capacity,

ERIC FLUEGEL, an employee of the Denver Zoological Foundation, in his individual capacity,

KELLIE GORMAN, an employee of the Denver Zoological Foundation, in her individual
capacity,

AARON LAWYER, an employee of the Denver Zoological Foundation, in his individual
capacity,

JAMES TOTTEN, an employee of the Denver Zoological Foundation, in his individual capacity,

ADAM BECHTOLD, a Denver Police Department deputy, in his official and individual
capacity,

JEFFREY BEHNKE, a Denver Police Department deputy, in his official and individual capacity,

DAMON BOWSER, a Denver Police Department deputy, in his official and individual capacity,

PHILIP COLEMAN, a Denver Police Department deputy, in his official and individual capacity,

PETE CONNER, a Denver Police Department Lieutenant, in his official and individual capacity,

JENNIFER CURTIS, a Denver Police Department deputy, in her official and individual
capacity,

JOE GASKA, a Denver Police Department deputy, in his official and individual capacity,

JUSTIN JONES, a Denver Police Department lieutenant, in his official and individual capacity,

MARCO MARTINEZ, a Denver Police Department deputy, in his official and individual capacity,

ALBERTO PAEZ, a Denver Police Department deputy, in his official and individual capacity,

ALVIN SHELL, a Denver Police Department deputy, in his official and individual capacity,

CHERYL SMITH, a Denver Police Department deputy, in her official and individual capacity,

SEAN STEVENSON, a Denver Police Department deputy, in his official and individual capacity,

CHARLES WHEELING, a Denver Police Department deputy, in his official and individual capacity,

JOHN DOE I - V, employees of the Denver Police Department, in official and individual capacities; and

JOHN DOE VI – X, employees of Denver Zoological Foundation, in official and individual capacities,

                Defendants.

---

## COMPLAINT

---

       Plaintiff, Gail Waters, as personal representative of the Estate of Alonzo Ashley, by and through her attorney, William W. Frankfurt of the Frankfurt Law Office, P.C., for her Complaint against the Defendants, alleges and avers as follows:

### INTRODUCTION

1.    This action arises out of Alonzo Ashley's avoidable death at the hands of Denver Police officers and employees of the Denver Zoological Foundation, Defendants Adam Bechtold, Jeffrey Behnke, Damon Bowser, Philip Coleman, Pete Conner, Jennifer Curtis, Joe Gaska, Justin Jones, Marco Martinez, Alberto Paez, Alvin Shell, Cheryl Smith, Sean

Stevenson and Charles Wheeling, all duly authorized law enforcement officers acting

under color of state law and Defendants Andre Derritt, Eric Fluegel, Kellie Groman,

Aaron Lawyer and James Totten, all employees of the Denver Zoological Society. In this

action, plaintiff, on behalf of the Estate of Alonzo Ashley, seeks recompense for

violations of State and Federal Constitutional law, including 42 U.S.C. § 1983, arising

from Alonzo Ashley's contact with Defendants on July 18, 2011 at the address of 2300

Steele Street, Denver, Colorado 80205.

### JURISDICTION AND VENUE

2.    This action arises under the Constitution and laws of the United States, including 42

U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 under

supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All

defendants reside within the District of Colorado, and the events described in this

Complaint occurred in the District of Colorado.

4.    Plaintiffs have complied with the notice requirements of the Colorado Governmental

Immunity Act, C.R.S § 24-10-109, by sending a notification letter via certified mail,

dated November 10, 2011, to the Colorado Attorney General and other named parties.

5.    All jurisdictional prerequisites to the filing of this action have been met.

### PARTIES

6.    The Plaintiff, Gail Waters, is the mother of Alonzo Ashley. She is a citizen of the United

States who is and has been at all times relevant to this action, a resident of the State of

Colorado.

7.    The City and County of Denver was at all times relevant to this Complaint, a municipal entity responsible for the protection, care and safety of individuals within its jurisdiction, and was responsible for the hiring, training, and supervision of its employees (herein after referred to as Denver Police Department).

8.    At all times relevant to this Complaint, Defendants Adam Bechtold, Jeffrey Behnke, Damon Bowser, Philip Coleman, Pete Conner, Jennifer Curtis, Joe Gaska, Justin Jones, Marco Martinez, Alberto Paez, Alvin Shell, Cheryl Smith, Sean Stevenson and Charles Wheeling were officers employed by the Denver Police Department. They are sued in their individual and official capacities.

9.    At all times relevant to this Complaint, the City and County of Denver and all of its agents and employees were acting within the scope of their official duties and employment, under color of state law.

10.   At all times relevant to this Complaint, The Denver Zoological Foundation was a non-profit organization operating within the state of Colorado, with its principal place of business at 2300 Steele Street, Denver Colorado, 80205.

11.   Defendants John Does I-V are yet-to-be identified employees of the City and County of Denver. Defendants John Does VI- X are yet to be identified employees of The Denver Zoological Foundation. Defendant John Doe may be more than one person, and/or maybe one or more of the named defendants. Plaintiffs will amend the complaint to reflect defendant John Does true name or names upon further discovery. Defendant John Does I-X are sued in their individual and official capacity, an at all times relevant to this Complaint was acting under color of state law.

## FACTUAL BACKGROUND

12.   All previous allegations are incorporated by reference.

13.   On July 18, 2011, Mr. Alonzo Ashley was a U.S. citizen with a date of birth of June 10, 1982 and was 29 years of age.

14.   On July 18, 2011, Mr. Alonzo Ashley purchased admission and was admitted to the Denver Zoo with his girlfriend. At said date and time, Mr. Ashley was a business invitee of the Denver Zoo pursuant to C.R.S. § 13-21-115.

15.   At all times while Mr. Ashley was a business invitee of the Denver Zoo, he was unarmed.

16.   While Mr. Ashley was at the Denver Zoo, a security officer working for The Denver Zoological Foundation approached Mr. Ashley.

17.   Subsequent to the initial contact between Mr. Ashley and the security officer, additional Zoo employees arrived and interacted with Mr. Ashley.

18.   During this time, a Zoo employee communicated without incident with Mr. Ashley and provided him with several cups of water.

19.   Thereafter, Mr. Ashley departed the interaction without incident and began walking to the exit of the Denver Zoo.

20.   While Mr. Ashley was walking towards the exit of the Denver Zoo, multiple Denver Police officers arrived with additional zoo security personnel and made contact with Mr. Ashley.

21.   As a direct consequence to this contact, Mr. Ashley was unlawfully forced to the ground by zoo employees and members of the Denver Police department.

22.   During this contact, multiple electronic taser discharges were administered upon Mr. Ashley.

23. Mr. Ashley was restrained face down on the ground, his shoulders pressed down, hands cuffed behind his back and legs crossed and flexed towards his back.

24. Mr. Ashley was repeatedly beaten and assaulted by Denver Police officers and OPN (Orcutt Police nunchaku) maneuvers were administered to Mr. Ashley's body and legs.

25. As a result of the excessive force, Mr. Ashley suffered trauma to his face, forehead, extremities and back, contusions to his right lower back and left sternocleidomastoid muscle amongst many other injuries.

26. As a direct result of the Denver Police and Denver Zoo employees' conduct in this incident, Mr. Ashley went into cardiorespiratory arrest. Emergency medical treatment was administered to Mr. Ashley, however his injuries were too great and Mr. Ashley died, while shackled and restrained as previously described in paragraph 23. His death was a result of injuries caused by officers of the Denver Police Department and employees of the Denver Zoological Foundation.

27. Denver Police Department Defendants' conduct under color of state law proximately caused the deprivation of Plaintiff's constitutionally-protected rights. Due to Defendants' actions, Mr. Ashley suffered injury. Mr. Ashley's family suffered monetary losses, emotional distress, and loss of companionship.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Fourth Amendment – Excessive/Deadly Force)

(Denver Police Department Officers – Bechtold, Behnke, Bowser, Coleman, Conner, Curtis, Gaska, Jones, Martinez, Paez, Shell, Smith, Stevenson, Wheeling, Doe I-V)

28. All previous allegations are incorporated by reference.

29. At all times pertinent herein, Mr. Ashley was unarmed.

30. The tasing and assaulting of Mr. Ashley is a seizure that must comply with the Fourth Amendment standards. The Fourth Amendment forbids the use of deadly force unless the officer reasonably believes that such force is necessary because of a significant threat of death or serious injury to the officer or others.

31. No such threat of death or serious injury to the officer or others present existed in this circumstance.

32. Defendants subjected Mr. Ashley to an unreasonable seizure through the application of deadly force.

33. Defendants participated in, supervised, approved of, and/or acquiesced in all the events leading to application of deadly force.

34. Defendants could not reasonably have believed Mr. Ashley, who was unarmed and restrained, and who never threatened to injure anyone, posed a significant threat of death or serious injury to themselves or others or that deadly force was necessary.

35. Even if Defendants may have reasonably (but erroneously) believed that deadly force was necessary at the moment such force was applied, Defendants are nevertheless liable because they unreasonably created the situation in which a mistaken belief of deadly force was appropriate

36. Defendants created the situation because they provoked the confrontation with Mr. Ashley by violating his constitutional rights intentionally, recklessly, or with deliberate indifference.

37. A reasonable officer would have known that the seizure of Mr. Ashley by the application of deadly force violated clearly established Fourth Amendment law.

38. Defendants' actions caused Mr. Ashley injury, and the Defendants acted with reckless or callous indifference to Mr. Ashley's constitutional rights.

39. Mr. Ashley filed no action during his lifetime, but under C.R.S. § 13-20-101, this action survives and may be asserted by his Estate.

40. Wherefore, Plaintiff Gail Waters on behalf of the Estate of Alonzo Ashley is entitled to compensatory damages; an award of reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and such other relief as the Court deems just.

### SECOND CLAIM FOR RELIEF

(C.R.S. § 13-21-202 – Wrongful Death)

(City and County of Denver (Denver Police Department)
and
(Denver Police Department Officers – Bechtold, Behnke, Bowser, Coleman, Conner, Curtis, Gaska, Jones, Martinez, Paez, Shell, Smith, Stevenson, Wheeling, Doe I-V)
and
(Denver Zoological Foundation)
and
(Denver Zoological Foundation employees – Derritt, Fluegel, Gorman, Lawyer, Totten, Doe VI - X)

41. All previous allegations are incorporated by reference.

42. Gail Waters is the natural parent of the unmarried and deceased Alonzo Ashley.

43. Gail Waters is Alonzo Ashley's heir at law, and Gail Waters is the personal representative of Mr. Ashley. Gail Waters has standing to pursue this action under the Colorado Wrongful Death Act.

44. Defendants caused, by wrongful act, the death of Alonzo Ashley.

45. As a direct result of the wrongful acts of Defendants, Gail Waters sustained grief, loss of companionship, pain and suffering, emotional distress, and funeral and burial expenses.

### THIRD CLAIM FOR RELIEF

(Survival action pursuant to C.R.S 13-20-101)

(City and County of Denver (Denver Police Department)
and
(Denver Police Department Officers – Bechtold, Behnke, Bowser, Coleman, Conner,
Curtis, Gaska, Jones, Martinez, Paez, Shell, Smith, Stevenson, Wheeling, Doe I-V)
and
(Denver Zoological Foundation)
and
(Denver Zoological Foundation employees – Derritt, Fluegel, Gorman, Lawyer, Totten,
Doe VI - X)

46.  All previous allegations are incorporated by reference.

47.  Plaintiff Estate of Alonzo Ashley is entitled to bring this action pursuant to C.R.S. 13-20-
     101.

48.  Plaintiff Gail Waters has been appointed as the Personal Representative of the Estate of
     Alonzo Ashley.

49.  Upon information and belief, Decedent Ashley was never married nor had any children.

50.  As a direct and proximate result of Defendants' actions, Decedent Ashley sustained
     injuries, damages, and losses, including death, entitling the Estate of Alonzo Ashley to
     damages for loss of past earnings and expenses incurred prior to death including, but not
     limited to, medical expenses, body transport and funeral expenses.

## FOURTH CLAIM FOR RELIEF

(Conspiracy to Violate 42 U.S.C. § 1983)

(Denver Police Department Officers – Bechtold, Behnke, Bowser, Coleman, Conner,
Curtis, Gaska, Jones, Martinez, Paez, Shell, Smith, Stevenson, Wheeling, Doe I-V)

51.  All previous allegations are incorporated by reference.

52.  Defendants agreed, by words or conduct, to violate Plaintiff's constitutional rights and 42
     U.S.C. § 1983.

53. Defendants performed one or more unlawful acts to accomplish the violation of Plaintiff's constitutional rights and 42 U.S.C. § 1983.

54. Defendants' conduct caused injury to Plaintiff.

55. Alonzo Ashley filed no action during his lifetime, but under C.R.S. § 13-20-101, this action survives and may be asserted by his estate.

56. Wherefore, Plaintiff is entitled to compensatory damages from Defendants; an award of reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and such other relief as the Court deems just.

## FIFTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Failure to Supervise)

(City and County of Denver (Denver Police Department))

57. All previous allegations are incorporated by reference.

58. Defendants at all times relevant acted intentionally, recklessly or with deliberate indifference to Plaintiff's constitutional rights, and under color of state law.

59. At all times relevant to this Complaint, one or more Defendants were personally responsible for supervising other Defendants, and ensuring they did not engage in violations of constitutional rights.

60. Defendants personally directed, had actual knowledge of, and acquiesced in the illegal conduct described herein, use of excessive force against Mr. Ashley, causing his death.

61. Defendants failed to intervene or remedy the violation of Plaintiff's constitutional rights, and instead chose to supervise, directly participate in, and/or acquiesce in the constitutional violations.

62. As a direct and proximate result of Defendants' actions and inactions, including their failure to intervene to protect Mr. Ashley, Plaintiff suffered the injuries described herein.

63. Accordingly, Plaintiff is entitled to compensatory damages from Defendants, an award of reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as the Court deems just.

## SIXTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Inadequate policies and training)

(City and County of Denver (Denver Police Department))

64. All previous allegations are incorporated by reference.

65. Defendants at all relevant times acted recklessly or with deliberate indifference to the Plaintiff's constitutional rights, and under color of state law.

66. The Fourth Amendment forbids unreasonable search and seizure. It is clearly established law that the Fourth Amendment prohibits the use of deadly force unless the officer reasonably believes that it is necessary because of a significant threat of serious injury or death to the officer or others.

67. Defendant Denver Police Department had the responsibility of drafting official policies and procedures to prevent the types of constitutional violations described herein. Defendant failed to draft any policies and/or implement adequate training to guide officers in making decisions as to the use of force and use of tasers and other police weapons and procedures i.e. OPN (Orcutt Police nunchaku). The use of these weapons carries a substantial risk of personal injury to civilians and officers alike. Accordingly, any reasonable officer in Defendant's position would have known that the polices actually established and the training provided, were so deficient as to be likely to result in

the violation of constitutional rights, such as those described herein. Defendant's failure to create such adequate policies and implement such adequate training constitutes deliberate indifference to the constitutional rights of persons, including Plaintiff, with whom the Denver Police Department comes into contact.

68. A properly trained police officer would not have committed the actions of Defendants.

69. The fact that the incident described herein occurred when multiple officers were on the scene, one of whom was a Sergeant with supervisory authority, reflects a uniform lack of adequate policies and/or training within the Denver Police Department. The actions of these officers was so out of line with well-established constitutional standards that their actions could only be the result of policies and/or training that was created and/or implemented with reckless indifference to the risk of serious deprivations of constitutional rights.

70. As a direct and proximate result of Defendants' reckless or deliberately indifferent acts and/or failures to act, Plaintiff was deprived of his constitutional rights and injured as described herein.

71. Alonzo Ashley filed no action during his lifetime, but under C.R.S. § 13-20-101, this action survives and may be asserted by his Estate.

72. Wherefore, Plaintiff is entitled to compensatory damages from Defendants, an award of reasonable costs and attorneys' fees, and such other relief as the Court deems just.

## SEVENTH CLAIM FOR RELIEF

(Premise Liability)

(Denver Zoological Foundation)

73. All previous allegations are incorporated by reference.

74.   Defendant knew or should have known of the dangerous condition created on the property and failed to exercise reasonable care to protect or warn against the danger on the property to its invitees.

75.   The unreasonably dangerous condition existing on the property was the presence of inadequately trained security employees.

76.   Defendants owed Plaintiff a duty to exercise reasonable care to protect against dangers of which it actually knew or should have known of on the property.

77.   The Plaintiff suffered injuries and death as a result of the dangerous condition on the property.

78.   Defendants' failure to use reasonable care was the cause of the Plaintiff's injuries in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

(Assault)

(Denver Zoological Foundation employees – Derritt, Fluegel, Gorman, Lawyer, Totten, Doe VI – X)
and
(Denver Police Department Officers – Bechtold, Behnke, Bowser, Coleman, Conner, Curtis, Gaska, Jones, Martinez, Paez, Shell, Smith, Stevenson, Wheeling, Doe I-V)

79.   All previous allegations are incorporated by reference.

80.   Defendants intended to cause an offensive or harmful physical contact with Plaintiff or intended to place Plaintiff in apprehension of such contact.

81.   Defendants' contact was harmful or offensive to Plaintiff.

82.   Plaintiff has suffered injuries, loss and damage as a result of Defendants' harmful physical contact or apprehension of such contact.

## NINTH CLAIM FOR RELIEF

(Battery)

(Denver Zoological Foundation employees – Derritt, Fluegel, Gorman, Lawyer, Totten, Doe VI – X)
and
(Denver Police Department Officers – Bechtold, Behnke, Bowser, Coleman, Conner, Curtis, Gaska, Jones, Martinez, Paez, Shell, Smith, Stevenson, Wheeling, Doe I-V)

83.   All previous allegations are incorporated by reference.

84.   The Defendants' actions resulted in physical contact with Plaintiff.

85.   Defendants intended to make harmful or offensive physical contact with Plaintiff, or knew that they would probably make such contact.

86.   By administering unreasonable and excessive force, Defendants intended to cause harmful results to the Plaintiff and did cause serious injuries resulting in death.

87.   Defendants' actions were harmful and offensive.

88.   As a direct and proximate result of Defendants' intentional and harmful contact, Plaintiff suffered both physical and emotional injuries.

## TENTH CLAIM FOR RELIEF

(Extreme and Outrageous Conduct – Emotional Distress)

(Denver Zoological Foundation employees – Derritt, Fluegel, Gorman, Lawyer, Totten, Doe VI – X)

89.   All previous allegations are incorporated by reference.

90.   Defendants engaged in extreme and outrageous conduct against Mr. Ashley, as previously alleged.

91.   Defendants engaged in outrageous conduct recklessly or with the intent of causing Mr. Ashley severe emotional distress.

92. Defendants breached their duty of care through their outrageous conduct, which resulted in causing Mr. Ashley severe emotional distress.

93. Defendants' extreme and outrageous conduct caused Mr. Ashley to suffer damages, including severe emotional distress.

## ELEVENTH CLAIM FOR RELIEF

### (Negligence)

### (Denver Zoological Foundation)

94. All previous allegations are incorporated by reference.

95. Defendants were under a duty to exercise care commensurate with the foreseeable risk of danger created by improperly and inadequately trained security.

96. Defendants knew or in the exercise of reasonable care should have known that improperly or inadequately trained security created an unreasonable risk of patrons to the Denver Zoo.

97. Defendants failed to otherwise exercise due care with respect to the matters alleged in this complaint.

98. As a direct and proximate result of the negligence of defendants as set forth above, Plaintiff suffered injuries, loss and damages.

## ELEVENTH CLAIM FOR RELIEF

### (Respondeat Superior)

### (Denver Zoological Foundation)

99. All previous allegations are incorporated by reference.

100. At all pertinent times herein, Defendant Denver Zoological Foundation was the employer of Defendants Derritt, Fluegel, Gorman, Lawyer, Totten and Doe VI – X.

101. Upon information and belief, the acts and omissions giving rise to the Plaintiffs' claims occurred during the course and scope of employment of the Defendants Derritt, Fluegel, Gorman, Lawyer, Totten and Doe VI – X for the Defendant Denver Zoological Foundation.

102. Defendant Denver Zoological Foundation as the employer of Derritt, Fluegel, Gorman, Lawyer, Totten and Doe VI – X, is liable for the damages and injuries caused by the negligence of its employees herein pursuant to the doctrine of respondeat superior.

103. As a direct and proximate result of the employment by Defendant Denver Zoological Foundation and negligence of Defendants Derritt, Fluegel, Gorman, Lawyer, Totten and Doe VI – X as described herein, Plaintiff has sustained injuries, damages, and losses, some of which are physical and permanent in nature, past and future physical pain and mental distress, past and future lost wages, loss of earning capacity, property damages, loss of use of property, inconvenience, past and future diminished capacity to enjoy life, and past and future medical expenses for treatment and care

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

a.      An award of compensatory damages on the federal law claims, and an award of damages for the Colorado statutory claim;

b.      An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983, 1988 and all applicable law;

c.      Interest from the date of the violations; and

d.      Any further or other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury in this matter.

Dated this 17th day of July, 2012.

FRANKFURT LAW OFFICE, P.C.

/s/ William W. Frankfurt
Frankfurt Law Office, P.C.
1884 Gaylord Street
Denver, Colorado 80206
Tel: 303-803-0090
Fax: 303-830-0129
Attorney for Plaintiffs

Plaintiff's Addresses:
The Estate of Alonzo Ashley
Personal Representative: Gail Waters
c/o Frankfurt Law Office
1884 Gaylord Street
Denver, Colorado 80206