IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01856-MSK-BNB

GAIL WATERS, as personal representative of the Estate of Alonzo Ashley,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
DENVER ZOOLOGICAL FOUNDATION, INC., a nonprofit corporation,
ANDREW DERRITT, an employee of the Denver Zoological Foundation, in his individual capacity,
ERIC FLUEGEL, an employee of the Denver Zoological Foundation, in his individual capacity,
AARON LAWYER, an employee of the Denver Zoological Foundation, in his individual capacity,
JAMES TOTTEN, an employee of the Denver Zoological Foundation, in his individual capacity,
PHILLIP COLEMAN, a Denver Police Department deputy, in his official and individual capacity,
PETE CONNER, a Denver Police Department lieutenant, in his official and individual capacity,
JENNIFER CURTIS, a Denver Police Department deputy, in her official and individual capacity,
JOE GASKA, a Denver Police Department deputy, in his official and individual capacity,
JUSTIN JONES, a Denver Police Department lieutenant, in his official and individual capacity,
CHERYL SMITH, a Denver Police Department deputy, in her official and individual capacity,
SEAN STEVENSON, a Denver Police Department deputy, in his official and individual capacity,
CHARLES WHEELING, a Denver Police Department deputy, in his official and individual capacity, and
JOHN DOE 1-5 employees of the Denver Police Dept. in official and individual capacities;
JOHN DOE 6-10, employees of Denver Zoological Foundation, in official and individual capacities,

Defendants.

**ORDER**

This matter arises on the **Denver Defendants' Motion to Compel Discovery Response From Plaintiff** [Doc. # 107, filed 8/16/2013] (the "Motion"). I held a hearing on the Motion this afternoon and made rulings on the record, which are incorporated here.

The Denver Defendants served a discovery request on the plaintiff calling for the production, among other things, of "any file materials of any expert witness employed by you to render an opinion . . . relied upon by each such expert in rendering his/her opinion. . . ." Motion [Doc. # 107] at p. 4. The production request was served on January 18, 2013. Id. at p. 2.

The plaintiff has disclosed three specially retained experts--(1) Dr. Edward Cetaruk; (2) Mr. Dan Montgomery; and (3) Dr. Judy Melinek. Response [Doc. # 94] at p. 2. The plaintiff made Rule 26(b) expert disclosures on May 17, 2013, as required by the Scheduling Order. With respect to Dr. Melinek, the plaintiff disclosed her identity of May 17 but failed to serve the required written report until May 31, 2013. Motion to Strike [Doc. # 86] at p. 3 Response [Doc. # 94] at p. 3.

The Denver Defendants conferred with plaintiff's counsel on June 24 and August 9, 2013, but did not receive the expert files in response. Consequently, on August 16, 2013, the Denver Defendants filed the Motion. On August 21, 22, and 23, 2013, the plaintiff provided to the Denver Defendants the complete file materials for each of her experts. Response [Doc. # 116] at pp. 2-3. The Denver Defendants agree that the required discovery was completed, but urge that it was done only after the Motion was filed. They seek an award of their reasonable expenses including attorneys fees in bringing the Motion under Fed. R. Civ. P. 37(a)(5), which provides:

> If the motion is granted--**or if the disclosure or requested discovery is provided after the motion is filed**--the court must, after giving an opportunity to be heard, require the party of deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

(Emphasis added.) The award under Rule 37(a)(5) is mandatory unless the motion was filed before a good faith attempt to resolve the matter without court involvement, the opposing party's conduct was reasonably justified, or the award would be unjust.

Plaintiff's counsel asserts only inadvertence or mistake as the reasons for the failure to disclose the experts' file material.

Under these circumstances, I find that an award of reasonable expenses including attorneys fees in bringing the Motion is appropriate. Plaintiff's counsel's failure to make the required discovery was not substantially justified nor would an award be unjust, and the Denver Defendants made a good faith effort to obtain the discovery prior to filing the Motion.

IT IS ORDERED:

(1) The Motion [Doc. # 107] is GRANTED insofar as it seeks an award of the Denver Defendants' reasonable expenses incurred in making the Motion, including attorney's fees. The award is against plaintiff's counsel only and not against the plaintiff.

(2) To facilitate the award, on or before October 4, 2013, the Denver Defendants shall serve on plaintiff's counsel a fee application containing all of the information required under D.C.COLO.LCivR 54.3. If the parties cannot reach agreement on the amount of the award and the award is not satisfied in full on or before October 18, 2013, the Denver Defendants shall file a motion seeking an award of the requested expenses and attorneys fees. The motion for expenses and attorneys fees shall be filed, it at all, no later than October 18, 2013.

Dated September 24, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge