IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01856-MSK-BNB

GAIL WATERS, as personal representative of the Estate of Alonzo Ashley,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
DENVER ZOOLOGICAL FOUNDATION, INC., a nonprofit corporation,
ANDREW DERRITT, an employee of the Denver Zoological Foundation, in his individual capacity,
ERIC FLUEGEL, an employee of the Denver Zoological Foundation, in his individual capacity,
AARON LAWYER, an employee of the Denver Zoological Foundation, in his individual capacity,
JAMES TOTTEN, an employee of the Denver Zoological Foundation, in his individual capacity,
PHILLIP COLEMAN, a Denver Police Department deputy, in his official and individual capacity,
PETE CONNER, a Denver Police Department lieutenant, in his official and individual capacity,
JENNIFER CURTIS, a Denver Police Department deputy, in her official and individual capacity,
JOE GASKA, a Denver Police Department deputy, in his official and individual capacity,
JUSTIN JONES, a Denver Police Department lieutenant, in his official and individual capacity,
CHERYL SMITH, a Denver Police Department deputy, in her official and individual capacity,
SEAN STEVENSON, a Denver Police Department deputy, in his official and individual capacity,
CHARLES WHEELING, a Denver Police Department deputy, in his official and individual capacity, and
JOHN DOE 1-5 employees of the Denver Police Dept. in official and individual capacities;
JOHN DOE 6-10, employees of Denver Zoological Foundation, in official and individual capacities,

Defendants.

## ORDER

This matter arises on **Defendants' Joint Motion to Strike Plaintiff's Rule 26(a)(2) Expert Designations of Supplemental Opinions of Dr. Judy Melinek** [Doc. # 110, filed 8/29/2013] (the "Motion to Exclude"), which is DENIED.

The plaintiff made Rule 26(a)(2) expert disclosures on May 17, 2013, as required by the Scheduling Order. With respect to Dr. Melinek, the plaintiff disclosed her identity on May 17 but failed to serve the required written report until May 31, 2013. Motion to Strike [Doc. # 86] at p. 3 Response [Doc. # 94] at p. 3.

The Zoo Defendants moved to strike Dr. Melinek as an expert based on the late filing of her written report. Motion to Strike [Doc. # 86, filed May 24, 2013]. I denied that motion. Order [Doc. # 100, filed June 18, 2013]. On August 14, 2013, the plaintiff served her First Supplemental Report of Dr. Judy Melinek (the "Supplemental Report"). Motion to Exclude [Doc. # 110] at p. 3. The Supplemental Report relies on "pathology slides" obtained by the plaintiff from the Denver Coroner's office which, I am informed, bolster Dr. Melinek's opinion that the decedent died as a result of asphyxiation.[1] The defendants seek an order excluding Dr. Melinek's supplemental opinions based on the pathology slides.

Dr. Melinek was deposed on September 9, 2013, nearly one month after the Supplemental Report was served on the defendants.

The defendants rely on Fed. R. Civ. P. 37(c)(1) in support of their Motion to Exclude. The Rule states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Tenth Circuit Court of Appeals has identified four factors to guide a court's decision

---

[1] The pathology slides were obtained by the plaintiff from the Coroner on or after June 24, 2013, although the slides are mentioned in the Coroner's report which has been available since the decedent's autopsy in 2011. Motion to Exclude [Doc. # 110] at p. 3.

about whether a failure to disclose is harmless, as follows:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's had faith or willfulness.

Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

There is no substantial surprise or prejudice to the defendants because they knew of Dr. Melinek's Supplemental Report prior to deposing her.  The defendants do not claim that they were unable to cure the surprise or prejudice prior to that deposition.  Allowing the additional opinions contained in the Supplemental Report will not disrupt the trial, which has not been set, and will facilitate resolution of the case on the merits.  Nor do I find any bad faith on the part of the plaintiff.

IT IS ORDERED that the Motion to Exclude [Doc. # 110] is DENIED.

Dated September 24, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge