# PathologyExpert, Inc.

**Judy Melinek, M.D.**

3739 Balboa Street #102
San Francisco, CA 94121

E drjudymelinek@pathologyexpert.com
T 415/850/7056
W www.pathologyexpert.com

August 4, 2013

William W. Frankfurt
Frankfurt Law Office, P.C.
1884 Gaylord Street
Denver, CO 80206
(303) 830-0090
wfrankfurt@comcast.net

RE: Waters v. City & County of Denver et al. 12 - CV - 01856 - MSK - BNB

Dear Mr. Frankfurt,

I have reviewed the following material you have sent me regarding the above complaint:
1. Denver Health Paramedic EMS Patient Care Report for Zoo, Cardiac Arrest Incident #00001-2011-049731-00
2. Presbyterian/St. Luke's Medical center records for Ashley, Alonzo dated 7/18/11 #X16601487606
3. City & County of Denver Medical Examiner's Office Autopsy Report for Alonzo Ashley 2011-2174 dated October 21, 2011 and amended December 15, 2011
4. Autopsy photographs (DPD_001.JPG - DPD_147.JPG; DPD_0023.JPG - DPD_0044.JPG; DSCF0045.JPG; IMG_6871.JPG - IMG_6953.JPG)
5. Scene and officer photographs (DSC_0001.JPG - DSC_0105.JPG; DSC_001.JPG - DSC_015.JPG)
6. Denver Police Department Criminal Investigation Supplemental Report Case #2011-316430
7. Known Dead Crime Scene Response Lab Report GO# 2011-316430 9301-0 KNOWN DEAD
8. Wound Diagram & Narrative
9. Denver Police Department Forensic Chemistry Unit Crime Laboratory Reports #11-02781 and requests for laboratory examination
10. Deposition of Katie Anne Goroncy, March 13, 2013
11. List of witnesses, a complete scan of statements of civilian witnesses ("section 4") and individual witness statements of Aaron Lawyer, Andre Derritt, Andrea Driessner, Aram Anderson, Carey Couzelis, Carole Dougherty, Christina Rudolph, Curry Rosato, Diana Boon, Dineah Lucero, Elina Sengprachanh, Eric Fluegal, Felice Dougherty, Heidi Berg, Howard Judson, James Totten, Katie Goroncy, Kellie Gorman, Kim LeTourneau, Kimberly Bradshaw, Laura Buehler, Laurie Reid, Lynn

SCIENCE ON YOUR SIDE

# PathologyExpert, Inc.

    Mavis, Morn Daeng, Nancy Sengprachanh, Nick Vachon, John ("Alex") Daeng, William Berg, Thomas Dougherty

12. 11 Microscopic slides labeled "F11-2174 RECUT-FOR ASHLEY, ALONZO" and individually labeled "A1"" through "A9" and "B1" through "B2."

I am a forensic pathologist who works as an independent consultant in both criminal and civil matters. My education is notable for my undergraduate degree from Harvard University, a medical degree (with honors) from UCLA Medical School and pathology residency at UCLA Medical Center. I trained in forensic pathology at the Office of Chief Medical Examiner in New York City from 2001-2003, during which time I identified remains from the World Trade Center terrorist attacks on 9/11/2001. I have published in the medical literature on the topics of pathology, surgical complications, transplantation surgery and immunology. I have been qualified as an expert witness in the fields of pathology, forensic pathology and cause of death determination over 100 times in California, New York, Florida and Texas. I am currently licensed to practice medicine in both California and New York. I am board certified in anatomic, clinical and forensic pathology and I routinely interpret autopsy reports, toxicology reports, medical records and police reports to determine the cause of death.

After reviewing the above-mentioned sources in this case, it is my opinion that Alonzo Ashley died as the result of complications of a struggle with prone physical restraint due to agitated delirium from hyperthermia. The mechanism of death was likely a lethal cardiac arrhythmia precipitated by hyperkalemia caused by agitated delirium, though asphyxia by aspiration of vomitus is another possible mechanism. I agree that the manner of death in this case should be classified as a homicide because the actions (e.g. physical altercation and prone restraint) and inactions (e.g. lack of prompt medical attention) of others were directly responsible for this death. A small (3 by 1 cm) intramuscular hemorrhage of the left sternocleidomastoid, in the absence of witnessed neck compression, is not in and of itself diagnostic for asphyxia, but given the microscopic appearance of hemorrhage is concerning. It indicates that a significant amount of pressure was applied at this location, possibly during the prone restraint with the left neck against the ground with pressure applied at the backs of the shoulders. It is not consistent with the typical pressure applied by personnel in attempting to palpate a pulse.

Agitated Delirium or Excited Delirium Syndrome (EDS) is well described in the medical literature and is accepted as a cause of death by forensic pathologists and medical examiners nationwide. Agitated delirium is a physiologic state of agitation and sympathetic stress often brought about by acute drug intoxication or mental illness but can also be caused by other metabolic processes, such as hypoglycemia or hyperthermia. There appears to be an underlying biological predisposition to this disorder that has been associated with neurochemical receptors in the brain. Affected individuals are often sweating, highly agitated and appear impervious to pain. They may resist violently if confronted or restrained. If arrest is necessary, it is imperative to avoid prolonged prone restraint or compression of the torso and neck, as either of these can exacerbate physiologic stress by restricting breathing, further exhausting the individual, and preventing blood flow back to the heart. In the agitated state, affected individuals have increased acid in their blood and will need to hyperventilate (breathe